JOSEPH SALAMA, State Bar No. 212225
LAW OFFICES OF JOSEPH SALAMA
165 N. Redwood Drive, Suite 285
San Rafael, CA 94903
Telephone: (415) 948-9030
Facsimile: (415) 479-1340
joseph@salama.com

Attorneys for Plaintiffs
JOHN DOE, MOTHER OF JOHN DOE, FATHER OF
JOHN DOE, RICK ROE, MOTHER OF RICK ROE,
PAUL POE, MOTHER OF PAUL POE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| JOHN DOE, MOTHER OF JOHN DOE, FATHER OF JOHN DOE, RICK ROE, MOTHER OF RICK ROE, PAUL POE, MOTHER OF PAUL POE,<br><br>Plaintiffs,<br>v.<br><br>ALBANY UNIFIED SCHOOL DISTRICT, VALERIE WILLIAMS, JEFF ANDERSON, MOES 1-100, inclusive.<br><br>Defendants | Case No. 3:17-CV-2767-JD<br><br>Lead: Shen, 17-CV-2478<br>Related: Doe, 17-CV-3418<br><br>PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT OF MINOR CLAIMS OF JOHN DOE, RICK ROE, AND PAUL POE AND PETITION TO APPLY THE RECOVERY TOWARD PLAINTIFF'S EDUCATIONAL AND RELATED NEEEDS<br><br>May 3, 2018, at 10:00 a.m. in courtroom 11, before The Honorable James Donato |

# NOTICE OF MOTION

To all parties and their attorneys of record:

Please take notice that on May 3, 2018, 10:00 am in courtroom 11, at 450 Golden Gate Ave. in San Francisco, California, plaintiffs John Doe, by and through his guardian ad litem Mother of John Doe, Rick Roe, by and through his guardian ad litem Mother of Rick Roe, and Paul Poe, by and through his guardian ad litem Mother of Paul Poe will and hereby do move this Honorable Court for an Order approving the settlement entered into between the parties, and for an Order approving the distribution of the settlement as set forth herein.

This Motion is based on this Notice, the Memorandum of Points and Authorities in support thereof, the declarations of each of the minor's mothers, of Joseph Salama, the complete docket and all filings to date, and any other such matter of which this Court wishes to consider.

Respectfully submitted,
LAW OFFICES OF JOSEPH SALAMA

March 29, 2018

_____
JOSEPH SALAMA
Attorneys for Plaintiffs
JOHN DOE, RICK ROE, and PAUL POE

| | |
|---|---|
| 1 | MEMORANDUM |
| 2 | INTRODUCTION |

Plaintiff John Doe, is a 16-year-old minor who will reach the age of majority in September 2019. Plaintiff Rick Roe, is a 17-year-old minor who will reach the age of majority in February 2019. February Plaintiff Paul Poe is a 17-year-old minor who will reach the age of majority in September 2018.

As described below, the settlement and allocation detailed below is in the minors' best interests. The total gross settlement to the Doe, Roe, and Poe plaintiffs in 3:17-CV-2767 is $225,000. Adjusting for cost reimbursement and taking out attorney fees pre-paid, the families will net $73,353.90 each. The vast majority of this sum has already been spent for one year of each of the minor's educations at Tilden Preparatory School, and the balance will be used to offset costs directly incurred as a result of the underlying events which precipitated the filing of the Complaint in this case.

BACKGROUND FACTS

This action arises out of the acts of defendants in failing to differentiate among those who participated in creating an offensive private Instagram account and those who merely followed it; in permitting a protest of the plaintiffs' return to school to be scheduled at the same time as they were set to be participating at a restorative justice mediation on campus; and in failing to take action to protect them once things began to get out of control. The followers were surrounded, and the students began to yell, curse, scream, and berate them. They were encouraged to walk through a corridor of students who were yelling various things including "We hate you!", "Look at everyone who hates you!", and "You're a fu*king racist!", a walk of shame. When the mothers of each of the plaintiffs went to campus to rescue their children, they soon found themselves trapped in a room surrounded by angry students for hours. At the time their children were likewise trapped in a room on campus, also surrounded by angry students. Eventually they managed to escape the mob.

There are seven plaintiffs in the case, three minor students (Doe, Roe, and Poe), each of

their mothers, and Doe's father. All of them are settling. In addition to numerous Constitutional allegations largely focused on the students and the defendants, all of the plaintiffs had causes of action which sounded in tort, including but not limited to assault, battery, and false imprisonment. Plaintiffs hereby incorporate by reference [docket number 84, the operative Second Amended Complaint](#) which details all the causes of action and includes all of the plaintiffs, all of their allegations and all the underlying facts.

Of greatest concern and impact was the labeling of the Doe, Roe, and Poe as "racist harmers" essentially putting them at the same culpability as the creators of the private instagram account in the eyes of the rest of the school - which, in a town that's under 5.5 square miles - translates into the eyes of the entire community. They have become ostracized and outcast by their communities as a result of the actions of another student and the failure of the defendants to speak up on their behalf or distinguish them to the community, and other students who followed the same Instagram account have been the subject of vandalism and personal attack. They clearly cannot obtain an education at Albany High School and at least two of the three families have opted to leave town to try to lead a half-way normal balance of their high school education elsewhere.

On August 16, 2017, the parties participated in a settlement conference before Chief Magistrate Joseph Spero. The matter did not settle.

On November 29, 2017, this Court ruled on summary judgment cross-motions, in Doe's favor, but against Roe and Poe. The bulk of plaintiffs' case was unaffected.

On January 30, 2018, the parties participated in a further settlement conference with Chief Magistrate Spero. The parties settled, entering into the sealed record the terms of the settlement. The settlement has been reduced to writing and has been approved and fully executed by the parties.

SETTLEMENT TERMS

The essential terms of the settlement are: Defendants shall expunge the suspensions and any related negative or disciplinary reference from each of the minor plaintiffs' academic

record; insert the grades obtained from Brigham Young University directly into their academic transcripts such that it will appear as though the courses were completed at Albany High School; and pay monetary compensation in the amount of $225,000, with each side to bear its own fees and costs.

BREAKDOWN OF PROCEEDS

Plaintiffs paid for attorney Mr. Salama's representation at the outset of the case, in the sum of $3,500 with $2,000 paid by the Doe family and $1,500 paid by the Roe family. The Roe family incurred the filing fee of $400. In addition, the three families evenly split the cost of an education litigation consultant at $450. Mr. Salama has incurred $402.30 in out of pocket costs associated with tolls, transcripts, parking, research, and one court call fee. Each of these sums will be reimbursed to its respective party, after which the balance will be divided equally among the families, such that each family nets $73,415.90 (($225,000 - $4752.30) / 3).

The Doe family has paid $33,600 to date for classes at Tilden Preparatory and projects that the 2017-2018 academic year at Tilden Preparatory will cost $47,040 in total. As a result of the ongoing threats, the recent physical attack and the preceding vandalism, all of which have been explicitly targeted at the "racist" kids involved with the Instagram account, the Doe family will need to relocate to another town and anticipates that the cost of moving will be approximately $6,000. The cost of a rental in the new location will be $3,300 a month. Because one of the Doe parents operates a business in the East Bay, they will keep their present home and will not be saving anything in reduced housing costs. Of the family's $73,382.67, all of it will be fully exhausted and they will have spent an additional $19,217.33 by the time Doe's senior year has been completed. It will all have directly gone for the benefit of Doe's education and the costs associated with relocating, essential for the safety of John Doe and the family's peace of mind.

The Roe family has paid $25,130 for relocating to a new city, which includes moving costs, the difference in the cost of furnishing and the proceeds from the sale of the old furnishings, and the difference in monthly rent ($600 per month) for one year. The family has

incurred $8,640 in therapy and counseling costs, and $3,000 in private tutoring, study supplies and SAT preparation costs. Once a hopeful Berkeley/U.C. student, Roe has decided to go to the East coast for college to get as far away from Albany as possible. Doe and his mom visited colleges on the East Coast last summer twice, at the total cost of $7,800. Total out of pocket to date is $44,570. They expect the next year will be comparable, and they will incur similar therapy costs, tutoring costs of $2,000, and the cost of two more trips back east ($7,800), bringing them to $54,370. The therapy and counseling costs will continue to the end of senior year and the total will be $10,800 for next 15 months. In addition, the increased tuition cost of going to school back east compared to a U.C. school is $20,000 per year, and transportation costs of $1,400 per year. As with the Doe family, the Roe's family costs directly flowing from this incident exhaust the amount of the settlement. All sums are being directly spent on Roe to offset the financial impact of the incident giving rise to this case, with the exception of some of the therapy costs which both Roe and his mother benefit from..

The Poe family has paid for tuition at Tilden Preparatory in the amount of $31,000. The Poe family has incurred $3,300 in therapy and counseling costs as a result of this incident. The family reasonably projects $40,000 for the last year of high school at Tilden as Poe will be taking two years of foreign language in one academic year and four AP classes. Again, the total recovered will be exhausted to reimburse the costs associated with this incident and minimize the impact on the minor's education and mental health, and with the exception of some of the therapy, it is all going directly to benefit the student.

Attorney for plaintiffs Mr. Salama, has been paid $3,500 at the outset of the case and will be applying for a modest fee award in connection with Nick Noe's case, as he represented Noe for the first two months before Noe switched to Mr. Yorkey's representation and has helped Mr. Yorkey's team conduct research on discrete matters.

THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINORS

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c) to safeguard the interests of litigants who are minors." <u>Robidoux v. Rosengren</u>, 638 F.3d 1177,

1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id., quoting Dacanay v. Mendoza, 573 F.2d 5 1075, 1080 (9th Cir.1978). In Robidoux, the Ninth Circuit held that district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-82. Further, the fairness of each minor plaintiffs' net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078).

The decision to split the proceeds equally is reasonable because these plaintiffs' damages are unique - they were trapped, and their mothers were likewise trapped, on campus for hours. Although the amount recovered is not large enough that any of the families is exceeding their out of pocket costs, the emotional cost of litigation with minors is far greater than otherwise, and it is essential, if the student plaintiffs are going to have any positive memories of their high school years whatsoever, that they put this case to rest as soon as possible. Furthermore, given the social climate, the student plaintiffs would be very easy to cast in a shade of racism if this case were to go before a jury, and there would be a serious likelihood they would garner no sympathy despite having lost all of their friends, their hard earned respect from the administration and teachers, and their families' standing in the community.

By comparison, in the case of C.B. v. Sonora, the court approved a minor's compromise in the amount of $20,000, with a net recovery to the student of $12,437.84. That case involved civil rights claims, including claims under the ADA and Section 504, arising out of the school district's alleged failure to implement the minor plaintiffs' IEP and behavioral intervention plan and the district's use of excessive and improper restraints during the minor plaintiffs' sixth grade year. C.B. v. Sonora School Dist., 691 F.Supp.2d 1123 (E.D. Cal. 2009).

year. C.B. v. Sonora School Dist., 691 F.Supp.2d 1123 (E.D. Cal. 2009).

By far, the most analogous case, the case of Doe v. Albany, case number 3:17-CV-03418-JD, arising out of the exact same incident as this case, which settled before this Honorable Court at the end of last year, settled for a gross of $85,000, and the student in that case was struck in the face and had to be rushed to the hospital. In this case, there was no comparable battery, and the settlement is $73,353.90 per family.

Respectfully Submitted,<br>
LAW OFFICES OF JOSEPH SALAMA

March 30, 2018

_____<br>
JOSEPH SALAMA<br>
Attorneys for Plaintiffs<br>
JOHN DOE, RICK ROE, and PAUL POE

I, Joseph Salama, declare: I am an attorney for the plaintiff in Case 3:17-CV-02767. I have personal knowledge of the facts set forth in this Declaration regarding attorney fees and costs. The facts set forth in the Memorandum of Points and Authorities are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 30, 2018 in San Rafael, California.

Joseph Salama, Esq.

DECLARATION OF EACH OF THE MOTHERS

I, Mrs. Doe, declare: I am John Doe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with John Doe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and John Doe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 26, 2018 in Albany, California.

_____(see attached page)_____

By far, the most analogous case, the case of Doe v. Albany, case number 3:17-CV-03418-JD, arising out of the exact same incident as this case, which settled before this Honorable Court at the end of last year, settled for a gross of $85,000, and the student in that case was struck in the face and had to be rushed to the hospital. In this case, there was no comparable battery, and the settlement is $73,353.90 per family.

Respectfully Submitted,
LAW OFFICES OF JOSEPH SALAMA

March 28, 2018

/s/
JOSEPH SALAMA
Attorneys for Plaintiffs
JOHN DOE, RICK ROE, and PAUL POE

I, Joseph Salama, declare: I am an attorney for the plaintiff in Case 3:17-CV-02767. I have personal knowledge of the facts set forth in this Declaration regarding attorney fees and costs. The facts set forth in the Memorandum of Points and Authorities are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 26, 2018 in San Rafael, California.

/s/
Joseph Salama, Esq.

### DECLARATION OF EACH OF THE MOTHERS

I, Mrs. Doe, declare: I am John Doe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with John Doe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and John Doe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 26, 2018 in Albany, California.

Mother of John Doe
Mother of John Doe

1     I, Mrs. Roe, declare: I am Rick Roe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with Rick Roe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and Rick Roe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 27, 2018 in Fremont, California.

                                                                     (see attached page)
                                                                       Mother of Rick Roe

    I, Mrs. Poe, declare: I am Paul Poe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with Paul Poe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and Paul Poe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 26, 2018 in Albany, California.

                                                                       (see attached page)
                                                                       Mother of Paul Poe

I, Mrs. Roe, declare: I am Rick Roe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with Rick Roe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and Rick Roe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 27, 2018 in Fremont, California.

_Mother of Rick Roe_
Mother of Rick Roe

I, Mrs. Poe, declare: I am Paul Poe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with Paul Poe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and Paul Poe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 26, 2018 in Albany, California.

_____
Mother of Paul Poe

I, Mrs. Roe, declare: I am Rick Roe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with Rick Roe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and Rick Roe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 27, 2018 in Fremont, California.

_____
Mother of Rick Roe

I, Mrs. Poe, declare: I am Paul Poe's mother. I have personal knowledge of the facts set forth in this declaration regarding the costs that we have incurred and will incur in connection with Paul Poe's case, and the nature and extent of his injuries. The facts set forth above which apply to my family and Paul Poe are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on March 26, 2018 in Albany, California.

*/s/ Mother of Paul Poe*
Mother of Paul Poe